**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ALVIN WILLIAMS,

                  **Plaintiff,**

-vs-                                         **Case No.  6:04-cv-1412-Orl-31JGG**

COMMISSIONER OF SOCIAL
SECURITY,

_____

# ORDER

On October 20, 2005, Magistrate Judge Glazebrook issued a Report and Recommendation

(Doc. 16) in which he recommended that this case be remanded to the Commissioner of Social

Security (the "Commissioner") for further proceedings.  The Commissioner filed a timely

objection.  (Doc. 17).  The Plaintiff, Alvin Williams ("Williams"), has not filed a response to the

Commissioner's objection.  Upon *de novo* review, the Court concurs with the recommendation of

the Magistrate Judge.

## I.      Background

Williams filed a claim for Supplemental Security Income benefits on October 31, 2001,

claiming an entitlement to benefits as of October 22, 2001 due to back problems, a cerebrovascular

accident, hypertension and HIV infection.  (R. 12).  On February 17, 2004, after a hearing, an

administrative law judge ("ALJ") issued a decision finding that Williams was not disabled (and

therefore not entitled to benefits) because he retained the functional capacity to perform light

work.  (R. 20).  In reaching this conclusion, the ALJ did not credit at least some of Williams's

testimony regarding the pain he regularly suffered and the limitations resulting from that pain.  (R. 16).

After the ALJ's decision, Williams submitted additional medical evidence (the "Post-Hearing Evidence") to the Appeals Council ("AC").  (Doc. 16 at 29).  The Post-Hearing Evidence consisted in pertinent part of two MRIs and a medical evaluation, all of which were performed in April 2004 – i.e., after the ALJ's decision.  (Doc. 16 at 29).  The AC considered the Post-Hearing Evidence but on August 6, 2004 denied review of Williams' claim.  (R. 5).  The notice provided to Williams did not explain the basis for the denial other than a statement that the Council "found that [the Post-Hearing Evidence] does not provide a basis for changing the Administrative Law Judge's decision."  (R. 5-6).

Williams timely appealed to this Court.  (Doc. 1).  On November 4, 2004, the Honorable James G. Glazebrook, United States Magistrate Judge, recommended that this case be remanded back to the Commissioner under sentence four of 42 U.S.C. § 405(g) .  (Doc. 16 at 40).  Although Judge Glazebrook found nothing to fault in the decision of the ALJ, he concluded that, in light of the Post-Hearing Evidence, the AC had erred in failing to remand the case back to the ALJ for further consideration. (Doc. 16 at 40).

The Commissioner offers two primary objections to Judge Glazebrook's recommendation. First, the Commissioner argues that this Court has no authority to review the AC's decision denying review of Williams' claim.  (Doc. 17 at 2-3).  Second, the Commissioner argues that evidence submitted only to the AC can only be evaluated under the standards for remand pursuant to sentence six of 42 U.S.C. § 405(g), and that Judge Glazebrook failed to apply those standards. (Doc. 17 at 8).

-2-

## II.      Standards

A person applying for Social Security benefits must proceed through several steps before

being permitted to appear in federal court:

> First, a state agency determines whether the claimant has a disability and the date
> the disability began or ceased.  Second, if the claimant is dissatisfied with that
> determination, he may request reconsideration of the determination. This involves a
> de novo reconsideration of the disability claim by the state agency, and in some
> cases a full evidentiary hearing.  Additional evidence may be submitted at this stage,
> either on the request of the claimant or by order of the agency. Third, if the claimant
> receives an adverse reconsideration determination, he is entitled by statute to an
> evidentiary hearing and to a de novo review by an [ALJ].  Finally, if the claimant is
> dissatisfied with the decision of the ALJ, he may take an appeal to the [AC]. . . .
> These four steps exhaust the claimant's administrative remedies. Thereafter, he may
> seek judicial review in federal district court.

*Heckler v. Day*, 467 U.S. 104, 106-07 (1984) (internal citations omitted).  Although a claimant

must seek review from the AC before seeking review in federal court, *Sims v. Apfel*, 530 U.S. 103,

106 (2000), the AC has discretion over whether to grant review of the ALJ's decision, 20 C.F.R. §

416.1467.[1]

A claimant's only avenue for judicial review of a denial of claimed Social Security benefits

is found in 42 U.S.C. § 405(g) (henceforth, "Section 405(g)").  *Mathews v. Eldridge*, 424 U.S.

319, 327 (1976) (noting, *inter alia*, that 42 U.S.C. § 405(h) precludes federal question jurisdiction

---

[1]The Social Security Administration operates under two similar sets of regulations.  Part 404
governs applications for disability benefits and Part 416 governs applications for Supplemental
Security Income benefits.  Williams sought only Supplemental Security Income benefits.  Though the
Commissioner's brief and much of the applicable case law discuss the former set of regulations, for
the sake of clarity this opinion will only refer to the regulations found in Part 416.  The Court has not
found that the Part 416 regulations differ from the Part 404 regulations in any way that is material to
this opinion.

over Social Security appeals).  Under Section 405(g), a claimant may seek review in federal court

of "any final decision of the Commissioner of Social Security."  42 U.S.C. § 405(g).

  The court reviews the factual determinations of the Commissioner with deference, holding

them to be conclusive so long as they are supported by "substantial evidence" – which has been

defined as relevant evidence that a reasonable person would accept as adequate to support a

conclusion.  *Keeton v. Department of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir.

1994).  On the other hand, the Commissioner's conclusions of law are not presumed valid.  *Id.*

The Commissioner's conclusions of law are reviewed with close scrutiny, and a failure to apply

correct law or to provide the reviewing court with sufficient reasoning for determining that the

proper legal analysis has been conducted mandates reversal.  *Id.*

  There are only two ways in which a District Court is permitted to remand a Social Security

appeal back to the Commissioner.  *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991).  The fourth

sentence of 42 U.S.C. 405(g) provides that the court shall have "power to enter, upon the pleadings

and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

Commissioner of Social Security, with or without remanding the cause for a rehearing."  The sixth

sentence of 42 U.S.C. § 405(g) provides that the court may order additional evidence to be taken

before the Commissioner, but only upon a showing "that there is new evidence which is material

and that there is good cause for the failure to incorporate such evidence into the record in a prior

proceeding."  The two methods are therefore informally referred to as  "sentence four remands"

and "sentence six remands".

### III.     Analysis

### A.     Reviewability of AC's decision

In the instant case, the first question to be considered is what, precisely, may the claimant

seek to have reviewed in the federal district court – or, in other words, what constitutes "the final

decision of the Commissioner" under Section 405(g).  It is well settled that when the AC grants

review, its decision is the "final decision of the Commissioner" for purposes of Section 405(g).

But when the AC exercises its discretion to deny review, the result is less clear.  The

Commissioner contends that in such a case *only* the decision of the ALJ becomes the final decision

of the Commissioner and therefore *only* the decision of the ALJ may be reviewed by the court.  In

his Report and Recommendation (Doc. 16), Judge Glazebrook concluded that the AC's decision to

deny review is, itself, a "final decision," subject to judicial scrutiny to determine whether it is

supported by substantial evidence.  (Doc. 16 at 7).

The Social Security Act "does not define 'final decision,' instead leaving it to the [Social

Security Administration] to give meaning to that term through regulations."  *Sims*, 530 U.S. at 106

(2000).  The regulations promulgated by the Commissioner do not explicitly define that term.  The

Commissioner contends that 20 C.F.R. § 416.1481, which deals with the effect of the AC's

decision or denial of review, provides that when the Appeals Council denies a claimant's request

for review, "the decision of the administrative law judge becomes the final decision of the

Commissioner."  (Doc. 17 at 3).  The language of that regulation does not support such an

interpretation.  In its entirety, 20 C.F.R. § 416.1481 provides that:

> The Appeals Council may deny a party's request for review or it may decide to
> review a case and make a decision. The Appeals Council's decision, or the decision
> of the administrative law judge if the request for review is denied, is binding unless

you or another party file an action in Federal district court, or the decision is
revised. You may file an action in a Federal district court within 60 days after the
date you receive notice of the Appeals Council's action.

20 C.F.R. § 416.1481.  The regulation deals with the binding effect of the Commissioner's

determination, rather than its makeup.  Moreover, even if the statute contained the words "the

decision of the administrative law judge becomes the final decision of the Commissioner," it

would not settle the instant dispute.  The question is not simply whether the ALJ's decision

becomes the final decision of the Commissioner but whether the AC's decision denying review

*also* becomes a final decision of the Commissioner – or, at least, part of that decision.

A fair amount of case law addresses the "final decision of the Commissioner" language of

Section 405(g).  However, most of that case law addresses the "finality" of the Commissioner's

decision for purposes of appealability rather than its makeup.  In the *Sims* case, for example, the

Supreme Court considered whether a claimant whose request for review from the AC did not raise

a particular issue could nonetheless seek judicial review of that issue  *Sims* at 106.  In assessing the

existence of any so-called  "issue exhaustion" requirement, the *Sims* court noted that SSA

regulations provided that when the AC grants review, its decision is the Commissioner's final

decision, "[b]ut if, as here, the Council denies the request for review, the ALJ's opinion becomes

the final decision."  *Id.* at 106-07.

Contrary to the Commissioner's representation, however, the *Sims* court did not "h[o]ld

that the decision of the Appeals Council can *only* become the Commissioner's final decision *if* the

Appeals Council grants Plaintiff's request for review." (Doc. 17 at 3) (emphasis in

Commissioner's Brief).  Rather, the Court was addressing finality.  Immediately after the quoted

passage, the Court noted that if a claimant fails to request review by the AC, "there is no final

-6-

decision and, as a result, no judicial review in most cases" because the claimant has failed to

exhaust administrative remedies. *Id.* at 107. The issue of the boundaries of the "final decision"

was not before the Court, and to the extent the quoted text appears to address that issue, it is

merely dicta. On the other hand, the Court does not interpret *Sims* as standing for the proposition

that the AC's denial of review is subject to judicial review to determine if it is supported by

substantial evidence. (Doc. 16 at 7) (citing *Sims*, 120 S.Ct. at 2086).

Undermining any assertion that the Supreme Court has resolved this issue is the fact that

the Circuits are split as to the content of the "final decision of the Commissioner" that may be

appealed: "In interpreting these regulations, some courts have held that the ALJ decision alone is

the final decision of the Commissioner, and other courts have held that the final decision includes

the Appeals Council's denial of a request for review." *Higgenbotham v. Barnhart*, 405 F.3d 332,

335 (5th Cir. 2005) (agreeing with the latter interpretation, along with the Second, Fourth, Eighth

and Tenth circuits, while finding that the Third, Sixth, Seventh, and Eleventh[2] circuits have

adopted the former interpretation).

The Eleventh Circuit has not directly considered the issue now before this Court.

However, in *Keeton v. Department of Health and Human Servs.*, 21 F.3d 1064 (11th Cir. 1994),

the Secretary of Health and Human Services[3] unsuccessfully advanced the argument advanced in

---

[2]Without further explanation, the *Higgenbotham* court relied on the decision in *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998) to conclude that the Eleventh Circuit Court of Appeals shares the Commissioner's view on this issue. As discussed below, this Court does not agree with this interpretation of *Falge*.

[3]SSA was part of the Department of Health and Human Services until 1994, when it was made an independent agency.

this case by the Commissioner. The district court in *Keeton* had affirmed the Secretary's decision

denying benefits but, in doing so, had refused to review evidence that Keeton had submitted only

to the Appeals Council. *Id.* at 1065-66. As paraphrased by the Eleventh Circuit Court of Appeals,

the Secretary argued that the district court's refusal was proper "because the decision of the ALJ is

the final decision of the Secretary under the regulations." *Id.* at 1066. The Secretary urged the

court to adopt a rule that where the decision of the ALJ becomes the decision of the Secretary, the

record only consists of the evidence submitted to the ALJ. *Id.*

Noting a split within the circuits, the *Keeton* court held that new evidence first submitted to

the AC becomes part of the record whether the AC accepts the case for review or denies it. *Id.* at

1067. The court did not explicitly reject the Secretary's position. Instead the Court found that the

administrative process continued through the claimant's request for review from the AC, and

therefore the administrative record ought to continue through that point. *Id.* The *Keeton* court

remanded the case to the district court with directions to review the new evidence under the three-

prong standard[4] of sentence six of Section 405(g). *Id.* at 1068. The court's refusal to cut off the

administrative record at the ALJ's decision – whether the AC grants review or not – at least

suggests that it would not cut off judicial review at that stage even if the AC denies review.

Moreover, both in *Keeton* and in *Falge*, the Court characterized the district court's action

as a review of the action of the Appeals Council (rather than that of the ALJ or the Commissioner).

*Keeton* at 1068 ("In reviewing the decision of the Appeals Council, the district court erroneously

---

[4]Citing to an earlier case, the *Keeton* court described the requirements for obtaining a remand as establishing that the evidence is new and noncumulative, that it is material, and that good cause exists for the failure to submit it at the appropriate administrative level. *Id.* at 1068.

believed it could only consider evidence presented to the ALJ."); *Falge* at 1323 n.8 (quoting

same).  Although this language is dicta, it also suggests that the Eleventh Circuit Court of Appeals

does not believe that the AC's decision is unreviewable whenever the AC declines to review a

case, as the Commissioner contends.  (As in the instant case, *Falge* involved a claimant who

presented evidence only to the AC, which denied review.  *Falge* at 1322.)  This suggestion is

reinforced by the following dicta from *Falge*:

> And, we can think of another kind of case where we will consider evidence
> submitted only to the AC.  "When the Appeals Council refuses to consider new
> evidence submitted to it and denies review, that decision [the denial of review] is
> . . . subject to judicial review because it amounts to an error of law."  *Keeton*, 21
> F.3d at 1066.

*Falge* at 1324 (bracketed material and deletion in original).

 The Commissioner's argument relies on regulations generally stating that upon a denial of

review by the AC, the ALJ's opinion becomes the final decision of the Commissioner.  (Doc. 17 at

3).  As stated in *Keeton*, however, the AC's decision is not sacrosanct when this occurs: The AC's

denial may be reviewed to determine, *inter alia*, whether the Council committed an error of law.

*Id.* at 1066.  Because Section 405(g) only allows review of a "final decision of the Commissioner,"

the AC's denial of review must therefore be (or be part of) a "final decision of the Commissioner."

Nothing cited by the Commissioner or discovered by this Court suggests a basis for distinguishing

between AC denials that are purported to contain errors of law and AC denials that are purported

to be tainted by other types of errors.  If AC denials are subject to judicial review in some cases,

they should be reviewable in all cases.

### B.      Standard for assessing the AC's decision

Having found that the AC's decision is reviewable, the Court now turns to that review.

Judge Glazebrook found that the AC's decision was not supported by substantial evidence and

should be remanded under sentence four of Section 405(g).[5]  (Doc. 16 at 40).  Although not

agreeing that the AC's decision is reviewable, the Commissioner contends that the courts must

apply the three-prong standard[6] for remand under sentence six whenever they assess evidence

presented only to the AC.  (Doc. 17 at 5-7).

In support, the Commissioner points to *Falge*, where the AC considered such evidence but

denied review, and the district court affirmed. *Id.* at 1322.  On appeal, the Eleventh Circuit

reiterated that evidence presented only to the AC is part of the record on appeal but held that when

the AC has denied review, "we will look only to the evidence actually presented to the ALJ in

determining whether the ALJ's decision is supported by substantial evidence." *Id.* at 1323.  At this

point, however, the decision at issue is the decision of the AC, not that of the ALJ.  (In contrast to

the instant case, the plaintiff in *Falge* had not appealed the AC's denial of review. *Id.* at 1324.)

The Commissioner offers no basis for extending the rule of *Falge* to a case involving analysis of

the AC's decision rather than that of the ALJ.  To the contrary, the rationale behind the rule in

*Falge* – that the ALJ cannot be faulted for having failed to properly weigh evidence never

---

[5]More specifically, Judge Glazebrook found that the Post-Hearing Evidence corroborated Williams's pain testimony, undermining the ALJ's conclusion, made without the benefit of testimony from a vocational expert, that Williams's non-exertional limitations were not significant enough to render him disabled. (Doc. 16 at 40).

[6]See note 5, *supra*.

-10-

presented to him or her[7] – is absent in this case, because the Post-Hearing Evidence was actually

presented to the AC.  In consideration of the foregoing, it is hereby

**ORDERED** that:

1.        The Report and Recommendation of the Magistrate Judge is adopted and confirmed

insofar as it is not inconsistent with the preceding analysis;

2.        The decision of the Commissioner is **VACATED,** and this case is **REMANDED** to

the Commissioner of Social Security for further proceedings not inconsistent with the Report and

Recommendation (Doc. 16).

3.        The Clerk is directed to enter judgment and close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 21, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party

---

[7]*See Falge* at 1323 (quoting *Eads v. Secretary of Health and Human Servs.*, 983 F.2d 815 (7th Cir. 1993).